FILED & ENTERED

APR 20 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Julie Elizabeth Sagatelian,<br><br><div align="right">Debtor.</div> | Case No.:    2:24-bk-17763-NB<br><br>Chapter:    13 |
| Julie Sagatelian,<br><br><div align="right">Plaintiff,</div><br>v.<br><br>U.S. Bank, N.A., as Trustee for Banc of America Funding Corporation Mortgage Pass-through Certificates Series 2007-C, and Nationstar Mortgage LLC dba Mr. Cooper,<br><br><div align="right">Defendants.</div> | Adv. No.:    2:24-ap-01262-NB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing:<br>Dates: March 24, 2026<br>Time:  11:00 a.m.<br>Place: Courtroom 1545<br>            255 E. Temple Street<br>            Los Angeles, CA 90012<br>(or via Zoomgov per posted procedures) |

## 1. INTRODUCTION

This Court conducted a hearing on Defendants' motion for summary judgment (adv. dkt. 34–38, the "MSJ") at the time and place set forth above, and took the MSJ under submission at the conclusion of the hearing. This written order memorializes and supplements this Court's tentative ruling posted prior to the hearing and attached hereto as **Exhibit A**. For the reasons stated in the tentative ruling, in this order, and on the

-1-

record at the hearing (incorporated herein as permitted by Rule 52(a) (Fed. R. Civ. P.), made applicable by Rule 7052 (Fed. R. Bankr. P.)), this order grants summary judgment in Defendants' favor.

**2. UNAUTHORIZED SUPPLEMENTAL BRIEFING**

Subsequent to the hearing, Plaintiff/Debtor filed an unauthorized supplemental brief (dkt. 58 & 60), to which Defendants responded (adv. dkt. 61).  First, this Court disregards Plaintiff/Debtor's supplemental brief because it was unauthorized.

Second, and alternatively, the supplemental brief is unpersuasive. Plaintiff/Debtor's assertion that Simon-Ward Brown lacks personal knowledge of the statements in his declaration (*see* Plaintiff/Debtor Supplemental Brief (adv. dkt. 60) p. 3:5–10) is unavailing, because as Defendants point out Mr. Ward-Brown *does* have "personal knowledge of the contents of all of the business records that are relevant to [the loan at issue]" based on his position as a Principal Litigation Ambassador employed by Defendant Nationstar Mortgage LLC dba Mr. Cooper ("Mr. Cooper").  Defendants' Supplemental Brief (adv. dkt. 61) pp. 2:10–4:2.

Plaintiff/Debtor maintains that Mr. Ward-Brown's deposition testimony establishes that he lacks personal knowledge with respect to his statements regarding Plaintiff/Debtor's loan.  Plaintiff/Debtor Supplemental Brief (adv. dkt. 60) p. 3:5–10.  To the contrary, it does the opposite.

Plaintiff/Debtor does not clearly explain the basis for her allegation that Mr. Ward-Brown's deposition testimony shows a lack of personal knowledge.  As best this Court can determine, her theory appears to be that Mr. Ward-Brown acquired his knowledge regarding the loan from his review of Mr. Cooper's business records, rather than from day-to-day involvement in all activities pertaining to the loan, and that somehow this disqualifies Mr. Ward-Brown from testifying as to the loan.  If that is in fact Plaintiff/Debtor's theory, it is incorrect as a matter of law, as explained in *Schaffer v. Litton Loan Servicing, LP*, No. CV 05-07673-MMM CTX, 2008 WL 9758641, at *15 (C.D. Cal. July 31, 2008):

It is permissible to infer from a declarant's position within a company or business that he has personal knowledge of the contents of the company's business records. See *E.E.O.C. v. Peabody Coal Co.,* 214 F.R.D. 549, 562 (D. Ariz. 2002) (holding that a corporation's general counsel is presumed to have personal knowledge of corporate agreements), *rev'd on other grounds*, 400 F.3d 774 (9th Cir. 2005). Such a declarant may properly testify to information contained in the business records so long as it is within his personal knowledge.  *See, e.g.*, *Zakre v. Norddeutsche Landesbank Girozentrale,* 396 F.Supp.2d 483, 504 (S.D.N.Y.2005) ("An affiant may also testify as to the contents of records that she reviewed in her official capacity," citing *Searles v. First Fortis Life Ins. Co.,* 98 F.Supp.2d 456, 461 (S.D.N.Y.2000)); *Dow v. Abercrombie & Kent International, Inc.,* No. 99 C 6923, 2000 WL 688949, *8 n. 4 (N.D.Ill. May 24, 2000) ("The Dows contend Fitche's declaration fails to meet the requirements of Fed.R.Civ.P. 56(e) because it is not based on his personal knowledge and is instead based on speculation and conjecture. However, the statements regarding A & K International's lack of knowledge of prior attacks concerns information in A & K International's business records and within the personal knowledge of a vice-president, and Fitche reviewed those records in preparing his affidavit.... Such statements are admissible," citing *Jenkins v. Heintz,* 124 F.3d 824, 831 (7th Cir.1997) (stating that the head of a law firm "can and has permissibly made statements under oath concerning the firm's numerous business records, as well as his own knowledge as a firm partner who dealt chiefly with the bank")).  [*Schaffer v. Litton Loan Servicing, LP*, No. CV 05-07673-MMM CTX, 2008 WL 9758641, at *15 (C.D. Cal. July 31, 2008).]

**3. PLAINTIFF/DEBTOR'S UNFOUNDED ASSERTIONS THAT THE AUTOMATIC STAY WAS VIOLATED, AND HER UNPERSUASIVE EVIDENTIARY OBJECTIONS**

Plaintiff/Debtor asserts that Defendants violated the automatic stay in her parents' bankruptcy case by sending her parents a notice that the interest rate on the loan had been increased while the bankruptcy was pending.  Opposition (adv. dkt. 48) p. 11:20–24.  First, this argument is incorrect as a matter of law.  Nothing prohibited Defendants from altering the interest rate on the loan during bankruptcy (provided that Defendants made no attempt to collect during the bankruptcy – and there are no allegations that they did).

Second, Defendants submitted papers and additional evidence to refute Plaintiff/Debtor's contention that they violated the automatic stay (*see* adv. dkt. 55–57). Plaintiff/Debtor objects to these papers and requests that they be stricken, asserting

that Defendants are improperly attempting to introduce new evidence in their reply papers that should have been presented in the MSJ, thereby depriving Plaintiff/Debtor of an opportunity respond (*see* adv. dkt. 57).

Plaintiff/Debtor's objection is overruled and this Court declines to strike the aforementioned papers (adv. dkt. 55–57), because they are directly responsive to Plaintiff/Debtor's arguments regarding Defendants' alleged violation of the automatic stay. Put another way, Defendants' papers do not introduce new evidence in support of their request for summary judgment that should have been presented in Defendants' original motion papers; instead, the papers properly refute an additional argument that Plaintiff/Debtor raised.

In addition, for the reasons discussed in Section 2, above, Plaintiff/Debtor's evidentiary objections (adv. dkt. 51) to Mr. Ward-Brown's declaration are also overruled. From an evidentiary standpoint, it is Plaintiff/Debtor, not Defendants, whose assertions are frequently unsupported.

**4. PLAINTIFF/DEBTOR HAS FAILED TO IDENTIFY ANY GENUINE DISPUTE OF MATERIAL FACT SUFFICIENT TO DEFEAT DEFENDANTS' ENTITLEMENT TO SUMMARY JUDGMENT**

According to Plaintiff/Debtor, genuine disputes of material fact defeat Defendants' entitlement to summary judgment. For example, Plaintiff/Debtor asserts that "[a] dispute concerning whether or not the Borrowers were in default at the time of their deaths" means that triable issues of fact exist with respect to Plaintiff/Debtor's breach of contract claim. Opposition (adv. dkt. 48) p. 20:22–24. But Plaintiff/Debtor's assertion is contradicted by her own deposition testimony:

> **Defendants' Question:** Let me ask one question I probably should have asked sometime before. Is there any dispute that the loan was in default when your father passed away?
> **Plaintiff/Debtor's Answer:** No. [Sagatelian Depo. (adv. dkt. 37) p. 54:10–14.]

Plaintiff/Debtor also contends that she has "raised material fact issues demonstrating that Mr. Cooper failed to promptly establish a single point of contact and provide her one or more direct means of communication."  Opposition (adv. dkt. 48) p. 26:5–8.  Once again, that contention is contradicted by the record.  Not only does Plaintiff/Debtor's own evidence show that in connection with multiple loan modification requests a single point of contact was offered (*see, e.g.*, Opposition (adv. dkt. 48) Ex. E (stating that "your Dedicated Loan Specialist is Shila Dichirico-Rios" and providing a telephone number and mailing address)), but her own correspondence complains about the single point of contact that she was given (*see id.* at Ex. G (letter to Mr. Cooper stating that "our 'Dedicated Loan Specialist' … is always 'on the phone' and when we ask for the Specialist to call us back, we never hear from her").  In other words, Plaintiff/Debtor might have been frustrated by her single point of contact, but that is very different from (i) alleging that there was no such person, (ii) failing to cite evidence, and (iii) presenting evidence that actually shows that on multiple occasions she was in fact given a single point of contact.

More generally, throughout her opposition papers Plaintiff/Debtor takes the position that various issues of fact are disputed, but she fails to cite to evidence in the record backing up her contention that a dispute exists.  And in some cases – such as in the examples cited above – Plaintiff/Debtor makes assertions that are in no way consistent with the record.

It is not the task of this Court "to scour the record in search of a genuine issue of triable fact."  *Keenan v. Allan*, 91 F.3d 1275, 1278–79 (9th Cir. 1996).  Nevertheless, this Court has carefully reviewed the record to see if there is merit to any of Plaintiff/Debtor's arguments.  Not only has this Court found a lack of merit, but to the contrary what this Court has found is that the opposition papers are inaccurate and misleading.

**5. CONCLUSION**

This Court recognizes how difficult it is to lose the family home, particularly after losing one's parents. Moreover, it can be difficult to deal with bureaucracies that are reluctant to communicate with an heir or a trustee – and although that reluctance *sometimes* arises, in this Court's experience, from broad protections of customers' privacy, or of the rights of unknown heirs, or safeguards against potential scams, etc., those rationales can only go so far. Historically, some loan originators, servicers, and other persons in the lending industry have gone beyond bureaucratic fumbling and have at times engaged in financial elder abuse and other wrongdoing. This Court was anticipating that there might be evidence of some sort of legally cognizable wrongdoing in this case, but no such evidence has been forthcoming.

Plaintiff/Debtor's burden was to rebut the evidence and arguments in the MSJ by presenting sufficient factual and legal grounds to establish a *genuine* dispute as to some violation of law or contract by Defendants. She has not done so.

As this Court pointed out in the adopted Tentative Ruling:

> In common sense terms, a loan modification request is a request by a borrower (or their authorized representative or successor in interest) *to pay less, or later, than what they contractually agreed to*. This Court is not aware of any legal cause of action against a lender for declining to do those things, even if they do so in a way that a borrower or a court would not consider sufficiently "careful[]" or "complete[]." [Last page, Part "(3)(h)," of the adopted Tentative Ruling attached hereto as **Exhibit A**.]

To be clear, the record does not even show any unfairness, lack of care, or lack of completeness by Defendants. But, supposing for the sake of discussion that Defendants had reviewed some of Plaintiff/Debtor's loan modification requests in a way that was somehow unfair or unprofessional (for which, again, there is no evidence), Defendants have met their initial burden to show that any acts or omissions by them did not rise to the level of legally cognizable claims against them. That shifted the burden to Plaintiff/Debtor to rebut Defendants' showing by establishing the existence of a genuine dispute of material fact. She has not done so.

-6-

**5. CONCLUSION**

Based upon the foregoing, it is hereby ORDERED that Defendants are entitled to summary judgment in their favor on all claims asserted in Plaintiff/Debtor's Complaint. Defendants are directed to lodge a proposed form of summary judgment within **seven days** after this order is entered on the CM/ECF docket.

<div align="center">###</div>

Date: April 20, 2026

Neil W. Bason
United States Bankruptcy Judge

# **Exhibit A – Adopted Tentative Ruling**

Grant Defendant's motion for summary judgment.  <u>Appearances required</u>.

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the posted tentative rulings.

<u>Key documents reviewed</u>: Plaintiff/Debtor's Complaint (adv. dkt. 1); Motion for Summary Judgment filed by U.S. Bank, N.A. (adv. dkt. 34, the "MSJ"), Request for Judicial Notice (adv. dkt. 35), Statement of Uncontroverted Facts (adv. dkt. 36), and Declarations of Jennifer M. Wade (adv. dkt. 37) and Simon Ward-Brown (adv. dkt. 38); Plaintiff/Debtor's Opposition (adv. dkt. 48), Request for Judicial Notice and Errata (adv. dkt. 49 & 53), Statement of Genuine Issues (adv. dkt. 50), and Evidentiary Objections (adv. dkt. 51); Defendant's Reply to Opposition (adv. dkt. 54), Reply to Statement of Genuine Issues (adv. dkt. 55), and Request for Judicial Notice (adv. dkt. 56); Plaintiff/Debtor's request to strike (adv. dkt. 57) Defendant's Reply to Plaintiff/Debtor's Statement of Genuine Issues (adv. dkt. 55), and Request for Judicial Notice (adv. dkt. 56)

**(1) Background**

Plaintiff/Debtor inherited property located at 2168 Highland Oaks Drive, Arcadia, CA 91006 (the "Property") from her parents.  At the time Plaintiff/Debtor inherited the Property, it was encumbered by a Deed of Trust in favor of U.S. Bank, N.A. ("Defendant").

Plaintiff/Debtor alleges that Defendant failed to respond to her application to modify the loan against the Property in the manner required by Cal. Civ. Code 2923.1 *et seq.*  Opp. (adv. dkt. 48) pp. 24:24–27:12.  She also asserts claims for breach of contract, breach of the duty of good faith and fair dealing, violations of the Fair Debt Collection Practices Act (15 U.S.C. 1692 *et seq.*), violations of the Garn St. Germain Depository Institutions Act (12 U.S.C. 1701j-3(d)), violations of the Truth in Lending Act (15 U.S.C. 1601 *et seq.*), and for declaratory and injunctive relief.

Defendant moves for summary judgment in its favor, and Plaintiff/Debtor opposes the motion.

**(2) Legal standards**

Under Rule 56(a) (Fed. R. Civ. P., made applicable by Rule 7056, Fed R. Bankr. P.), summary judgment (on all or on part of a claim) is proper when the pleadings, discovery, and affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  The evidence and inferences therefrom must be viewed in the light most favorable to the non-moving party.  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  But a mere "scintilla" of evidence in opposition to summary judgment is insufficient.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

**"Genuine":**  If one party's "version of events is so utterly discredited by the record that no reasonable jury could have believed him" summary judgment is appropriate.  *Scott v. Harris,* 550 US 372, 380 (2007).  But the Ninth Circuit has observed that "cases where intent is a primary issue generally are inappropriate for summary judgment[.]"  *Provenz v. Miller,* 102 F.3d 1478, 1489 (9th Cir. 1996).  As the Bankruptcy Appellate Panel for the Ninth Circuit has explained: "Fraud claims, in particular, normally are so attended by factual issues (including those related to intent) that summary judgment is seldom possible."  *In re Stephens,* 51 B.R. 591, 594 (9th Cir. BAP 1985).

**"Material":** Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, could affect the outcome of the case.  The substantive law will identify which facts are material.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  At the summary judgment stage, the court does not weigh the evidence and determine the truth of the matter, but determines whether there is a genuine issue for trial. *Id.* at 249.

**Shifting burdens:** The moving party bears the initial burden of showing that there is no genuine issue of material fact.  If the moving party meets its initial burden, the burden then shifts to the non-moving party to set out, by affidavits or admissible discovery material, specific facts showing a genuine issue for trial.  *Celotex*, 477 U.S. at 324.  The party opposing summary judgment must produce affirmative evidence that is sufficiently probative on the issue that a jury reasonably could rely on that evidence to decide the issue in his or her favor at trial.  *Matsushita Elec. Indust. Co., Inc. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).  Without such evidence, there is no reason for a trial. *Celotex*, 477 U.S. at 323.  *See also Nissan Fire and Marine Ins. Co. v. Fritz,* 210 F.3d 1099, 1103 (9th Cir. 2000) (analyzing burdens of production and proof).

**Evidence:**  Finally, the evidence presented by the parties must be admissible, or at least it must be capable of later being presented in admissible form if the litigation were to proceed to trial.  *JL Beverage Co., LLC v. Jim Beam Brands Co.,* 828 F.3d 1098, 1110 (9th Cir. 2016); *Sec. & Exch. Comm'n v. Strategic Glob. Invs., Inc.,* 262 F.Supp.3d 1007, 1019 (S.D. Cal. 2017) (hearsay evidence could be considered on summary judgment "if the content of the evidence proffered could later be provided in an admissible form at trial") (citing *JL Beverage*).

A party cannot create a genuine issue of fact simply by filing a sworn statement that contradicts an earlier sworn statement.  *See, e.g., Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991).

(3) <u>Discussion</u>

(a) <u>Plaintiff/Debtor's request to strike (adv. dkt. 57) Defendant's Reply to Plaintiff/Debtor's Statement of Genuine Issues (adv. dkt. 55), and Request for Judicial Notice (adv. dkt. 56)</u>

Plaintiff/Debtor asserts that by filing a Reply to Plaintiff/Debtor's Statement of Genuine Issues (adv. dkt. 55) and an additional Request for Judicial Notice (adv. dkt. 56), Defendant is improperly attempting to introduce evidence in connection with its reply papers that should have been first presented in the MSJ.  The tentative ruling is to overrule Plaintiff/Debtor's objection, and to decline to strike these documents, based on

a determination that the documents are directly responsive to arguments raised by Plaintiff/Debtor in her opposition papers.

(b) Plaintiff/Debtor has standing

Defendant's first argument is that Plaintiff/Debtor lacks standing with respect to all her claims because she was not a party to the loan transaction.  MSJ (adv. dkt. 34) p. 9:7–10:9.  Defendant cites *Wilkinson v. PHH Mortg. Corp.*, No. 2:24-CV-1416 TLN AC PS, 2025 WL 565971 (E.D. Cal. Feb. 20, 2025), *report and recommendation adopted,* No. 2:24-CV-01416-TLN-AC, 2025 WL 1262873 (E.D. Cal. May 1, 2025) and *Cleveland v. Deutsche Bank Nat. Tr. Co.*, No. 08-CV-0802-JM-(NLS), 2009 WL 250017, (S.D. Cal. Feb. 2, 2009) in support of its position.

In *Wilkinson*, the court's conclusion that plaintiffs lacked standing was based in part on the fact that plaintiffs brought the case "on behalf of themselves, and not on behalf of the decedent's estate." *Wilkinson*, 2025 WL 565971, at *4 n. 2.  The *Wilkinson* court further observed that "even if plaintiffs were attempting to bring this case on behalf of the estate, dismissal would be necessary because they have not alleged facts demonstrating that they have any sort of legal authority to do so, such as facts demonstrating that one of them was legally appointed in probate as the executor, trustee, or administrator of the estate." *Wilkinson*, 2025 WL 565971, at *4 n. 2 (internal citation omitted).

Here, by contrast, Plaintiff/Debtor alleges that she is the trustee of the trust that holds title to the Property.  The tentative ruling is that unlike the situation in *Wilkinson*, Plaintiff/Debtor has alleged sufficient facts to establish that she has standing in her capacity as a trustee.

In *Cleveland*, the court dismissed the complaint as to a non-borrower on standing grounds, but with leave to amend to provide the non-borrower an opportunity to allege facts establishing that the non-borrower possessed an "interest in the underlying property, transactions or occurrences." *Cleveland*, 2009 WL 250017, at *2.  The tentative ruling is that *Cleveland* does not support Defendant's position because unlike the situation in that case, Plaintiff/Debtor *has* alleged facts showing she has an interest in the Property – as discussed above, Plaintiff alleges that she is the trustee of the trust that holds title to the Property.

In sum, this Court is not persuaded that Debtor lacks standing.  Nevertheless, the tentative ruling is that Defendant is entitled to summary judgment on the other grounds set forth below.

(c) Defendant is entitled to summary judgment in its favor with respect to Plaintiff/Debtor's claims under Cal. Civ. Code 2923.1

The tentative ruling is that Defendant is entitled to summary judgment in its favor with respect to Plaintiff/Debtor's claims under Cal. Civ. Code 2923.1 *et seq.* (the "Homeowner Bill of Rights").  There is no genuine dispute that Defendant reviewed Plaintiff/Debtor's application for a loan modification on eight different occasions, and determined each time that Plaintiff/Debtor did not qualify.  MSJ (adv. dkt. 34) p. 13:24–25.  Nor is there any genuine dispute that each time Defendant denied Plaintiff/Debtor's loan modification application, Defendant issued a denial letter explaining the basis for the decision.  Reply (adv. dkt. 54) p. 2:11–13.

Plaintiff/Debtor alleges that Defendant violated the "dual tracking" provisions of the Homeowner Bill of Rights.  The tentative ruling is that regardless of whether there is any genuine dispute of fact as to this issue, Plaintiff/Debtor's remedy for any violation would be an injunction halting any scheduled foreclosure sale until the violations have been cured.  However, because no foreclosure sale is currently scheduled, the injunction remedy is not available to Plaintiff/Debtor.

Moreover, this Court's understanding of the "dual tracking" prohibition is that a borrower cannot obtain endless continuances of foreclosure by filing endless requests for loan modifications after denial of any prior loan modifications.  In the absence of persuasive legal arguments and evidence from Debtor showing precisely how any dual tracking prohibition has been violated, Debtor's arguments on this issue are not persuasive.

(d) Defendant is entitled to summary judgment in its favor with respect to Plaintiff/Debtor's claims under the Truth in Lending Act ("TILA")

Plaintiff/Debtor argues that genuine disputes exist with respect to her claims under TILA, because Plaintiff/Debtor "was misled in her efforts to comply with the loan modification process and, in addition, she was misled about the foreclosure process and was told that would be halted while the loan modification process was occurring."  Opp. (adv. dkt. 48) p. 23:19–26.

The tentative ruling is that Defendant is entitled to summary judgment in its favor as to Plaintiff/Debtor's TILA claims, because Plaintiff/Debtor's allegations that she was misled during the loan modification are not actionable under TILA, for the reasons stated by Defendant.

(e) Defendant is entitled to summary judgment in its favor with respect to Plaintiff/Debtor's claims under the Federal Fair Debt Collections Practices Act ("FDCPA")

In her opposition, Plaintiff/Debtor merely states the elements of the FDCPA.  She does not point to any specific facts that are in genuine dispute suggesting that she may be able to prevail upon her FDCPA claims.  A party asserting that a fact is genuinely disputed within the context of a motion for summary judgment must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials ...."  Rule 56(c)(1)(A) (Fed. R. Civ. P., made applicable by Rule 7056, Fed. R. Bankr. P.).  The tentative ruling is that because Plaintiff/Debtor has not met this burden, Defendant is entitled to summary judgment in its favor on Plaintiff/Debtor's FDCPA claims.

(f) Defendant is entitled to summary judgment in its favor with respect to Plaintiff/Debtor's claims for breach of contract

Plaintiff/Debtor asserts that a genuine dispute exists regarding whether Plaintiff/Debtor's parents "were in default at the time of their deaths …."  Opp. (adv. dkt. 48) p. 20:22–24.  Plaintiff/Debtor's position is that a genuine dispute is present because the testimony proffered by Defendant in support of the alleged default – a declaration from Simon Ward-Brown, an employee of Defendant – is hearsay.

The tentative ruling is that Mr. Ward-Brown's testimony is admissible as a record of a regularly conducted activity under Rule 803(7) (Fed. R. Evid.).  Nor has Debtor presented evidence and argument to overcome Defendant's *prima facie* showing of a default.  Accordingly, the tentative ruling is that there is no genuine dispute that Plaintiff/Debtor's parents were in default at the time of their deaths, and that as a result of this non-performance under the loan contract, Defendant is entitled to summary judgment in its favor with respect to Plaintiff/Debtor's claim for breach of contract.

(h) Defendant is entitled to summary judgment in its favor with respect to Plaintiff/Debtor's claims for breach of the duty of good faith and fair dealing

Plaintiff/Debtor cites *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 943 (Cal. 2014) for the proposition that Defendant can be held liable for breaching a duty to care it owed Plaintiff/Debtor with respect to the processing of Plaintiff/Debtor's application for a loan modification.  Opp. (adv. dkt. 34) p. 22:9–12. The tentative ruling is that, as Defendant points out, *Alvarez* is of no assistance to Plaintiff/Debtor because it was subsequently overruled by *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905 (Cal. 2022), which held that lenders *do not* owe "a tort duty to 'process, review and respond carefully and completely to [a borrower's] loan modification application[s].'"  *Sheen*, 12 Cal. 5th 905, 925 (Cal. 2022).

In common sense terms, a loan modification request is a request by a borrower (or their authorized representative or successor in interest) *to pay less, or later, than what they contractually agreed to*.  This Court is not aware of any legal cause of action against a lender for declining to do those things, even if they do so in a way that a borrower or a court would not consider sufficiently "careful[]" or "complete[]."

(i) Defendant is entitled to summary judgment in its favor with respect to Plaintiff/Debtor's claims for declaratory and injunctive relief

The tentative ruling is that Plaintiff/Debtor's claims for declaratory and injunctive relief are duplicative of her other claims for relief, and that because Defendant is entitled to summary judgment in its favor with respect to those other claims, Defendant is also entitled to summary judgment as to the claims for declaratory  and injunctive relief.

(4) Conclusion

For all the foregoing reasons, the tentative ruling is that Defendant is entitled to summary judgment in its favor as to all claims asserted in the Complaint.

> Proposed order(s): Unless otherwise ordered, Defendant is directed to lodge (i) a proposed order granting its motion for summary judgment and (ii) a proposed judgment via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and attach a copy of this tentative ruling to the former, thereby incorporating it as this Court's actual ruling.